# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ANTONIO ALEXANDER McGEE,**

    **Plaintiff,**

    v.                                                 **CASE NO. 20-3202-SAC**

**ARAMARK,**

    **Defendant.**

## ORDER

Plaintiff, Antonio Alexander McGee, who is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"), brings this civil rights case against Aramark, alleging that Defendant is failing to comply with Plaintiff's religious diet.

The Court entered an Order (Doc. 3) denying Plaintiff's motion to proceed *in forma pauperis*, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and found no showing of imminent danger of serious physical injury. The Court also granted Plaintiff until August 21, 2020, to submit the $400.00 filing fee. The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 3, at 2.)

Plaintiff has filed four responses (Docs. 4, 5, 6 and 7) following the Court's order to pay the filing fee. Plaintiff argues that some of his cases in which he was assessed a strike are on appeal. (Doc. 4.) However, a dismissal counts as a strike despite a pending appeal. *See Coleman v. Tollefson*, 575 U.S. 532, 135 S. Ct. 1759, 1761 (2015) ("We conclude that the courts must count the dismissal even though it remains pending on appeal."). The remainder of Plaintiff's responses consist of string cites of cases that do not appear to relate to anything

relevant in this case.  *See* Docs. 5, 6, and 7.  None of Plaintiff's responses show that he is not subject to three strikes or that he has raised a credible allegation that he is in imminent danger of serious physical injury.  Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'"  *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met."  *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)."  *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee as ordered and therefore the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated August 25, 2020, in Topeka, Kansas.**

    <u>s/ Sam A. Crow</u>
    SAM A. CROW
    U. S. Senior District Judge